KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0292-JAH |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S MOTION FOR:** |
| v. | ) |
| | ) **(1) FINGERPRINT EXEMPLARS** |
| | ) **(2) RECIPROCAL DISCOVERY** |
| ALFREDO ARCOS-ANTONES, | ) |
| | ) **TOGETHER WITH STATEMENT OF FACTS** |
| | ) **AND MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| Defendant. | ) |
| | ) Date:  March 17, 2008 |
| | ) Time:  8:30 a.m. |
| | ) Court: The Hon. John A. Houston |
| | ) |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

/ /

/ /

I

**STATEMENT OF THE CASE**

On February 13, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Alfredo Arcos-Antones ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On February 14, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

On January 19, 2008, at approximately 12:30 p.m., Border Patrol Agents Gillan and Lopez responded to a citizen's call on Rancho Jamul Drive in Jamul, California. This area is approximately 8 miles east of the Otay Mesa Port of Entry and 4 miles north of the border. The agents responded to the call and were advised that a group of possible aliens was sleeping in a creek bed in a grove of trees. Agents searched the area and found a group of ten people sleeping under a tree. The agents identified themselves and conducted an immigration interview. Defendant admitted to being a Mexican citizen without immigration documents.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On January 19, 2008, at about 4:24 p.m., Agent Gonzalez advised Defendant of his Miranda rights. Defendant elected to invoke his right to counsel. Defendant was also advised of his right to speak to the Mexican consular office and declined.

**B.    Defendant's Criminal and Immigration History**

On December 3, 1991, Defendant was convicted in Orange County Superior Court of kidnaping in violation of PC § 207(a), with an enhancement under PC § 12022.5(a) for using a firearm. Defendant was sentenced to a total of 6 years in prison.

On May 22, 1992, Defendant was convicted in Orange County Superior Court of Possession of Cocaine, in violation of HS § 11350. Defendant was sentenced to 2 years in prison.

On January 19, 1996, Defendant was convicted in Orange County Superior Court of Sale/Transportation of Cocaine, in violation of HS § 11352, with enhancements for priors. Defendant was sentenced to a total of 11 years in prison.

The Government believes Defendant is a Criminal History Category IV.

Defendant appeared before an Immigration Judge for a deportation hearing on November 17, 1994. Defendant was physically removed from the United States through the Calexico, California Port of Entry on December 12, 1994. Defendant was also administratively deported on January 29, 2004 and was physically removed from the United States through the Calexico, California Port of Entry on February 24, 2004.

### III

### UNITED STATES' MOTIONS

**A.     FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.     RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 46 pages of discovery and one DVD. The Government is prepared to schedule a viewing of Defendant's A-File. The Government will provide counsel with the audiotape of Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be

1  material to the defense.  The Government moves the Court to order Defendant to provide all

2  reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2)

3  requires Defendant to disclose to the United States all exhibits and documents which Defendant

4  "intends to introduce as evidence in chief at the trial" and a written summary of the names,

5  anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under

6  Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED:  March 3, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0292-JAH |
| Plaintiff, | |
| v. | |
| ALFREDO ARCOS-ANTONES, | CERTIFICATE OF SERVICE |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Kathryn T. Leff

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney