KATHRYN A. THICKSTUN
California Bar No. 135014
110 West C Street, Suite 2108
San Diego, CA 92101-3910

Telephone: (619) 523-5375
Facsimile:  (619) 523-5376
E-Mail: ktleff@cox.net

Attorney for Defendant ALFREDO ARCOS-ANTONES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JOHN A. HOUSTON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 0292 JAH |
| | ) | |
| Plaintiff, | ) | STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO: |
| | ) | 1)  COMPEL DISCOVERY. |
| v. | ) | |
| ALFREDO ARCOS-ANTONES, | ) | |
| Defendant. | ) | |
| | ) | |

**I.**

**STATEMENT OF FACTS**

On January 19, 2008, Border Patrol Agents K. Gillan and K. Lopez were notified by the dispatch center of possible illegal alien activity in the vicinity of Rancho Jamul Drive.  When they arrived in the area, the agents were told by a local resident that a group of suspected illegal aliens were sleeping under trees in a nearby creek bed.    The agents searched the area and discovered 10 people sleeping under a tree.  The agents woke the people and identified themselves as U.S. Border Patrol Agents.  All ten people, including one later identified as the defendant, Alfredo Arcos-Antones, said they were citizens

and nationals of Mexico and did not have documents allowing them to enter or remain in the United States. The ten people, including Mr. Arcos-Antones, were transported to Brown Field Border Patrol Station for processing. A record check of Mr. Arcos-Antones revealed Mr. Arcos-Antones has a criminal record and had been deported to Mexico on February 24, 2004 through Calexico, California, and had not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Deparment of Homeland Security, to return to the United States.

## II.

## MOTION TO COMPEL DISCOVERY

Defense counsel has received some discovery from the government. Mr. Arcos-Antones moves for the production by the government of the following items. This request is not limited to those items of which the prosecutor knows, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under **United States v. Bryan**, 868 F.2d 1032 (9th Cir.), **cert. denied**, 493 U.S. 858 (1989).

(1) **The Defendant's Statements** Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any **Miranda** warnings which may have been given to the defendant (**see United States v. McElroy**, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal <u>all</u> Mr. Arcos-Antones' statements, whether oral or written regardless whether the Government intends to introduce those statements. Mr. Arcos-Antones requests the court order the preservation of all rough notes;

(2) **Arrest Reports, Notes and Dispatch Tapes** Mr. Arcos-Antones also specifically requests all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and **Brady v. Maryland**, 373 U.S. 83 (1963). **See also United States v. Johnson**, 525 F.2d 999 (2d Cir. 1975), **cert. denied**, 424 U.S. 920 (1976); **United States v. Lewis**, 511 F.2d 798 (D.C. Cir. 1975); **United States v. Pilnick**, 267 F. Supp. 791 (S.D.N.Y. 1967); **Loux v. United States**, 389 F.2d 911 (9th Cir.), **cert. denied**, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

(3) **Summaries of Expert Witness Testimony** Pursuant to Fed. R. Crim. P. 16(E), Mr. Arcos-Antones requests the summaries of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, including the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications;

(4) **Brady Material** Mr. Arcos-Antones requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within **Brady's** definition of evidence favorable to the accused. **United States v. Bagley**, 473 U.S. 667 (1985)**; United States v. Agurs**, 427 U.S. 97 (1976). ;

(5) **Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines** As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Sentencing Guidelines. Also included in this request is any information relevant to

08CR0292 JAH

a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Sentencing Guidelines;

(6) **The Defendant's Prior Record** Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) **Any Proposed 404(b) Evidence** Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Arcos-Antones requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) **Evidence Seized** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(9) **Request for Preservation of Evidence** Mr. Arcos-Antones specifically requests all physical evidence that may be destroyed, lost, or otherwise removed from the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(10) **Document and Tangible Objects** Mr. Arcos-Antones requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant. Specifically, Mr. Acevedo requests the government provide him with a copy of his "A" file and copies of the tape recordings of all of his court appearances during the proceedings which led to his alleged deportation.

(11) **Evidence of Bias or Motive to Lie** Mr. Arcos-Antones requests any evidence that any

1  prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify

2  or distort his or her testimony. **Pennsylvania v. Ritchie**, 480 U.S. 39 (1987); **United States v. Strifler**,

3  851 F.2d 1197 (9th Cir. 1988), **cert. denied**, 489 U.S. 1032 (1989);

4  (12) **Impeachment Evidence** Mr. Arcos-Antones requests any evidence that any prospective

5  government witness has engaged in any criminal act, whether or not resulting in a conviction, and

6  whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and

7  613. Such evidence is discoverable under **Brady v. Maryland**, 373 U.S. 83 (1963). See **United States**

8  **v. Strifler**, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); **Thomas v. United States**, 343 F.2d

9  49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

10  (13) **Evidence of Criminal Investigation of Any Government Witness** Mr. Arcos-Antones

11  requests any evidence that any prospective witness is under investigation by federal, state or local

12  authorities for any criminal conduct. **United States v. Chitty**, 760 F.2d 425 (2d Cir.), cert. **denied**, 474

13  U.S. 945 (1985);

14  (14) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**

15  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to

16  show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is

17  impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has

18  ever been an alcoholic. **United States v. Strifler**, 851 F.2d 1197 (9th Cir. 1988); **Chavis v. North**

19  **Carolina**, 637 F.2d 213, 224 (4th Cir. 1980);

20  (15) **Witness Addresses** Mr. Arcos-Antones requests the name and last known address of each

21  prospective government witness. **See United States v. Napue**, 834 F.2d 1311 (7th Cir. 1987); **United**

22  **States v. Tucker**, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel

23  is ineffective); **United States v. Cook**, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to

24  talk to witnesses), **cert. denied**, 444 U.S. 1034 (1980). Mr. Arcos-Antones also requests the name and

25  last known address of every witness to the crime or crimes charged (or any of the overt acts committed

26  in furtherance thereof) who will not be called as a government witness. **United States v. Cadet**, 727

27

28                                                    5                                    08CR0292 JAH

1    F.2d 1453 (9th Cir. 1984);

2        (16) **Name of Witnesses Favorable to Mr. Arcos-Antones**: Mr. Arcos-Antones requests the

3    name of any witness who made an arguably favorable statement concerning the defendant or who could

4    not identify him or who was unsure of his identity, or participation in the crime charged. **Jackson v.**

5    **Wainwright**, 390 F.2d 288 (5th Cir. 1968); **Chavis v. North Carolina**, 637 F.2d 213, 223 (4th Cir.

6    1980); **Jones v. Jago**, 575 F.2d 1164, 1168 (6th Cir.), **cert. denied**, 439 U.S. 883 (1978); **Hudson v.**

7    **Blackburn**, 601 F.2d 785 (5th Cir. 1979), **cert. denied**, 444 U.S. 1086 (1980);

8        (17) **Statements Relevant to the Defense** Mr. Arcos-Antones requests disclosure of any

9    statement that may be "relevant to any possible defense or contention" that he might assert. **United**

10   **States v. Bailleaux**, 685 F.2d 1105 (9th Cir. 1982);

11       (18) **Jencks Act Material** Mr. Arcos-Antones requests all material to which defendant is entitled

12   pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.

13   A verbal acknowledgement that "rough" notes constitute an accurate account of the witness' interview

14   is sufficient for the report or notes to qualify as a statement under §3500(e)(1). **Campbell v. United**

15   **States**, 373 U.S. 487, 490-92 (1963).  In **United States v. Boshell**, 952 F.2d 1101 (9th Cir. 1991), the

16   Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the

17   notes are then subject to the Jencks Act.  Mr. Arcos-Antones requests pre-trial production of <u>Jencks</u>

18   material to expedite cross-examination and to avoid lengthy recesses during trial;

19       (19) **Giglio Information** Pursuant to **Giglio v. United States**, 405 U.S. 150 (1972), Mr. Arcos-

20   Antones requests all statements and/or promises, express or implied, made to any government witnesses,

21   in exchange for their testimony in this case, and all other information which could arguably be used for

22   the impeachment of any government witnesses;

23       (20) **Personnel Records of Government Officers Involved in the Arrest** Mr. Arcos-Antones

24   requests all citizen complaints and other related internal affairs documents involving any of the

25   immigration officers or other law enforcement officers who were involved in the investigation, arrest and

26   interrogation of him, pursuant to **Pitchess v. Superior Court**, 11 Cal. 3d 531, 539 (1974).  Because of

27

28                               6    08CR0292 JAH

1    the sensitive nature of these documents, defense counsel will not be able to procure them from any other

2    source;

3        (21) **Government Examination of Law Enforcement Personnel Files** Mr. Arcos-Antones

4    requests the government examine the personnel files and any other files within its custody, care or

5    control, or which could be obtained by the government, for all testifying witnesses, including testifying

6    officers. Mr. Arcos-Antones requests these files be reviewed by the government attorney for evidence

7    of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any

8    information that is exculpatory, pursuant to its duty under **United States v. Henthorn**, 931 F.2d 29 (9th

9    Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their

10   review: the Ninth Circuit in **Henthorn** remanded for **in camera** review of the agents' files because the

11   government failed to examine the files of agents who testified at trial. This Court should therefore order

12   the government to review all such files for all testifying witnesses and turn over any material relevant to

13   impeachment or that is exculpatory to Mr. Arcos-Antones prior to trial. Mr. Arcos-Antones specifically

14   requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to

15   review the files, under **Henthorn**, should be the prosecutor's and not the officers'. Only the prosecutor

16   has the legal knowledge and ethical obligations to fully comply with this request.

17

18                                **III.**

19                            **CONCLUSION**

20        Based upon the foregoing, Mr. Alfredo Arcos-Antones respectfully requests the court grant the

21   above motion.

22

23                        Respectfully submitted,

24

25   Date: March 6, 2008

26                        s/Kathryn A. Thickstun
                          KATHRYN A. THICKSTUN
                          Attorney for Defendant ALFREDO ARCOS-ANTONES

27

28                                7                        08CR0292 JAH