KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0292-JAH |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S RESPONSE AND** |
| | ) **OPPOSITION TO DEFENDANT'S MOTION TO:** |
| v. | ) |
| | ) **(1) COMPEL DISCOVERY** |
| ALFREDO ARCOS-ANTONES, | ) **TOGETHER WITH STATEMENT OF FACTS** |
| | ) **AND MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| Defendant. | ) |
| | ) Date:  March 17, 2008 |
| | ) Time:  8:30 a.m. |
| | ) Court:  The Hon. John A. Houston |
| | ) |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's above-captioned motion. Said response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//

I

## STATEMENT OF THE CASE

On February 13, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Alfredo Arcos-Antones ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On February 14, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

## STATEMENT OF FACTS

**A.    Defendant's Apprehension**

On January 19, 2008, at approximately 12:30 p.m., Border Patrol Agents Gillan and Lopez responded to a citizen's call on Rancho Jamul Drive in Jamul, California. This area is approximately 8 miles east of the Otay Mesa Port of Entry and 4 miles north of the border. The agents responded to the call and were advised that a group of possible aliens was sleeping in a creek bed in a grove of trees. Agents searched the area and found a group of ten people sleeping under a tree. The agents identified themselves and conducted an immigration interview. Defendant admitted to being a Mexican citizen without immigration documents.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On January 19, 2008, at about 4:24 p.m., Agent Gonzalez advised Defendant of his Miranda rights. Defendant elected to invoke his right to counsel. Defendant was also advised of his right to speak to the Mexican consular office and declined.

**B.    Defendant's Criminal and Immigration History**

On December 3, 1991, Defendant was convicted in Orange County Superior Court of kidnaping in violation of PC § 207(a), with an enhancement under PC § 12022.5(a) for using a firearm. Defendant was sentenced to a total of 6 years in prison.

On May 22, 1992, Defendant was convicted in Orange County Superior Court of Possession of Cocaine, in violation of HS § 11350. Defendant was sentenced to 2 years in prison.

On January 19, 1996, Defendant was convicted in Orange County Superior Court of Sale/Transportation of Cocaine, in violation of HS § 11352, with enhancements for priors. Defendant was sentenced to a total of 11 years in prison.

The Government believes Defendant is a Criminal History Category IV.

Defendant appeared before an Immigration Judge for a deportation hearing on November 17, 1994. Defendant was physically removed from the United States through the Calexico, California Port of Entry on December 12, 1994. Defendant was also administratively deported on January 29, 2004 and was physically removed from the United States through the Calexico, California Port of Entry on February 24, 2004.

## III

## DEFENDANT'S MOTIONS

### A.   MOTION TO COMPEL DISCOVERY

#### 1.   Discovery in this Matter is Current

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 46 pages of discovery, and one DVD. This discovery includes the relevant arrest reports, Defendant's rapsheet and conviction documents, certain A-file documents and Defendant's post-arrest statement. The Government will provide counsel with the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made. In addition, the Government will inquire as to the existence of any relevant dispatch tapes. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense.

#### 2.   The Government Has and Will Continue to Comply With Its Discovery Obligations

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. As set forth above, the Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The

1  United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of
2  which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991)
3  will also be conducted.

4        The United States will provide a list of witnesses at the time the Government's Trial
5  Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be
6  produced. The United States will produce any reports of experts that it intends to use in its case-in-chief
7  at trial or such reports as may be material to the preparation of the defense.

8        The United States has provided information within its possession or control pertaining to the
9  prior criminal history of Defendant. If the Government intends to offer any evidence under
10 Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

11       To the extent Defendant requests other specific documents or types of documents, the
12 Government will continue to disclose any and all discovery required by the relevant discovery rules.
13 Accordingly, the Government respectfully requests that no orders compelling specific discovery by the
14 United States be made at this time.

15       **3.**    **The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**
16               *a.*    *The A-file*

17       Defendant requests that the United States provide him with a copy of his Alien Registration File
18 ("A-File"). [Def's Memorandum at 4.] The United States objects to this request. This information is
19 equally available to Defendant through a Freedom of Information Act request. Even if Defendant could
20 not obtain the A-File through such a request, the A-File itself is not discoverable under Rule 16, Brady
21 or any other constitutional or statutory provision. The United States will disclose A-file documents it
22 intends to use in its case-in-chief. The United States will also disclose A-file documents that constitute
23 Brady material and A-file documents that fall under Rule 16.

24       Although the United States will disclose relevant A-file *documents*, the A-file itself need not be
25 disclosed. The A-File contains information that is not discoverable like internal government documents
26 and witness statements. See Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to
27 production until after the witness for the United States testifies and provided that a proper motion is
28 made by Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2. Defendant does not own the A-File, rather,

it is an agency record. Cf. <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1315 (9th Cir. 1997) (noting that A-File documents are admissible as public records). Of course, should the Court order inspection of relevant documents from the A-File, the United States will facilitate the inspection as it does in other cases.

### b. *Impeachment Evidence*

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or alcohol because such information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure provision. [Def's Memorandum at 5.] Nor is Defendant entitled to evidence that a prospective witness has ever engaged in a criminal act or is under criminal investigation by federal, state, or local authorities. [<u>Id</u>.] The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

### c. *Witness Lists*

While the Government will supply a tentative witness list with its trial memorandum, it objects to providing addresses. <u>See</u> <u>United States v. Steele</u>, 785 F.2d 743, 750 (9th Cir. 1986); <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir. 1980); <u>United States v. Conder</u>, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. [Memorandum at 5.] "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." <u>United States v. Hsin-Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502 (D. Del. 1980)). In this case, Defendant was apprehended with a group of people, all of whom have been returned to Mexico. The United States will not be calling any of these individuals as witnesses.

### d.   *Statements Relevant to the Defense*

The United States objects to the request for "any statement relevant to any possible defense or contention" as overbroad and not required by any discovery rule or Ninth Circuit precedent. [Def's Memorandum at 6.] In fact, the Ninth Circuit, interpreting Fed. R. Crim. P. 16, held: "We believe the Government should disclose any statement <u>made by the defendant</u> that may be relevant to any possible defense or contention that the defendant might assert." <u>See</u> <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982), <u>overruled on other grounds by</u> <u>Huddleston v. United States</u>, 485 U.S. 681, 108 S.Ct. 1496, 1499 (1988) (emphasis added). Therefore, the United States will only disclose relevant statements <u>made by Defendant</u> pursuant to this request.

### e.   *Personnel Records of Government Officers Involved in the Arrest*

The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call the inspectors, officers, and special agents to testify. [Memorandum at 6.] Defendant's cited authority, <u>Pitchess v. Superior Court</u>, 11 Cal.3d 531, 539 (1974) has been superceded by statute. <u>See</u> <u>Fagan v. Superior Court</u>, 111 Cal. App.4th 607 (2003). Moreover, <u>Pitchess</u> is a California state case that involved a defendant who claimed to have acted in self-defense and sought evidence as to the police officers' use of force on previous occasions. <u>Pitchess</u>, 11 Cal. 3d at 534, 535. <u>Pitchess</u> is simply inapplicable to Defendant's case. As previously noted, the Government will comply with <u>Henthorn</u> and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

Defendant's request that the specific prosecutor in this case review the personnel files is unwarranted and unnecessary. <u>Henthorn</u> expressly provides that it is the "government," not the prosecutor, which must review the personnel files. <u>Henthorn</u>, 931 F.2d at 30- 31. Accordingly, the United States will utilize its typical practice for review of these files, which involves requesting designated representatives of the relevant agencies to conduct the reviews. The United States opposes the request for an order that the prosecutor personally review the personnel files.

# IV

# **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motion be denied.

DATED: March 7, 2008.

                                            Respectfully Submitted,

                                            KAREN P. HEWITT
                                            United States Attorney

                                            /s/ ***Nicole Acton Jones***
                                            NICOLE ACTON JONES
                                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO ARCOS-ANTONES,<br><br>Defendant. | Criminal Case No. 08CR0292-JAH<br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Kathryn Thickstun

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2008.

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney